IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-573-BO

| | | |
|---|---|---|
| SUSAN PACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE ABB INC. ACTIVE EMPLOYEE | ) | |
| GROUP BENEFIT PLAN, and ABB INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion for court-hosted settlement conference and to stay proceedings. [DE-28]. Plaintiff responded in opposition to the motion [DE-30], and the motion is ripe for disposition. For the reasons stated below, the motion is allowed in part and denied in part.

The court's scheduling order provided for initial disclosures to be made by May 30, 2018, and for discovery to conclude by December 31, 2018. [DE-25]. The case is subject to mandatory mediation prior to the close of discovery, and the parties designated a mediator. [DE-26]. Plaintiff served discovery, including interrogatories, requests for production, and requests for admissions, on May 17, 2018, and has consented to an extension of time for Defendants to respond through July 20, 2018. Pl.'s Resp. [DE-30] at 4–5. Plaintiff made her initial disclosures on May 30, 2018, indicating she would produce her documents upon entry of a confidentiality order, *id.* at 4, and the parties filed their joint motion for protective order on July 19, 2018 [DE-31]. Defendants made initial disclosures on May 30, 2018, but did not provide the documents described in the disclosures. Pl.'s Resp. [DE-30] at 4.

Defendants filed the instant motion on July 3, 2018, seeking a referral for court-hosted

settlement conference and a stay of proceedings. [DE-28]. Defendants assert that Plaintiff's claims for compensatory damages are relatively small and the attorney's fees are the most substantial component of damages. Defs.' Mot. [DE-28] at 2. The parties have engaged in settlement discussions, but are at an impasse. *Id.* Defendants believe that, with the assistance of an intermediary, the parties could settle their claims, and Defendants also seek to limit the further accrual of attorney's fees that will make settlement more difficult as the case continues. *Id.* Defendants ask for court-hosted settlement due to the chosen mediator's lack of availability prior to September, and seek a stay pending mediation. *Id.* Plaintiff filed her response on July 16, 2018, and contends she needs responses to her discovery requests in order to evaluate her claims for purposes of mediation, which would not be fruitful prior to receiving any discovery. Pl.'s Resp. [DE-30] at 5–11.

The court agrees with Defendants that early mediation in this case is warranted. However, the court finds that allowing some discovery will maximize the potential for settlement by giving Plaintiff an opportunity to better evaluate her claims prior to mediation. Accordingly, the motion is allowed in part and denied in part as follows: Defendants shall respond to the May 17, 2018 discovery requests and make their initial document disclosures by no later than **July 31, 2018**, Plaintiff shall provide her initial document disclosures upon entry of the court's protective order with respect to confidentiality, and this matter is otherwise stayed pending mediation to occur by no later than **September 21, 2018**, which will allow the parties ample time to arrange a date with their selected mediator or an alternate mediator.

SO ORDERED, the **23** day of July 2018.

Robert B. Jones, Jr.
United States Magistrate Judge

2